### UNITED STATES BANKRUPTCY COURT
### DISTRICT OF MAINE

In re:                                  )
    Eric and Nelda Lane,            )       Chapter 13
                                    )       Case No. 13-10712
                Debtors             )

### ORDER DENYING REQUEST FOR ABSTENTION

Debtor Eric Lane was divorced from his ex-wife, Holly Wyman, in October of 2009. Pursuant to the divorce decree, the marital home was awarded to Holly, and the parties were "jointly responsible for payment of any and all debts. Wife will pay for maintenance and improvements." The divorce court also established child support obligations under state law. In May of 2013, Holly filed in the divorce court a motion to enforce, which sought, among other things, payment of past due child support. Hearing on that motion was not held, apparently due to the filing of this bankruptcy case by Eric and his current wife Nelda in August of 2013. Upon the filing of the case, the deadline for filing proofs of claim was established for non-governmental entities as January 23, 2013. Holly filed a timely proof of claim in the amount of $11,618 for domestic support obligations. The Debtors' plan of reorganization, which proposed to pay Holly's $11,618 priority claim in full, was confirmed by the court in March of this year. In April, after the deadline for filing claims, Holly filed an amended claim, asserting a domestic support obligation in the increased amount of $50,658. The precise reason for the increase in Holly's claim is not apparent. From the argument of the parties it appears that the increase over $11,618 may be due to Eric's failure to pay his share of mortgage payments under the above referenced joint payment provision of the divorce decree.

Two contested matters relating to the allowance of Holly's amended claim are before the court: (1) Holly's motion asking this court to abstain from determining whether her amended claim is a domestic support obligation; and (2) the Debtors' objection to Holly's amended claim.

Holly contends that the divorce court is the proper forum to determine questions arising from the divorce decree. Her primary argument is that mandatory abstention of her claim under 11 U.S.C.§ 1334(c)(2) is required because her claim for domestic support arises from her motion to enforce the divorce decree pending in the state court divorce proceeding. As such, according to her, the contest over the amount of her claim is a "related to" proceeding rather than a core proceeding, as those terms are understood under 11 U.S.C. §§ 1334 and 157.

The Debtors contend (a) that if the increase in Holly's claim is attributable to Eric's failure to pay mortgage payments, such a failure would be a breach of his property settlement obligations under the divorce decree as opposed to a failure to pay a domestic support obligation as that term is defined under 11 U.S.C. § 101(14A); (b) that the allowance of Holly's amended claim is a core proceeding because "domestic support obligation" is a defined term under title 11, and, as such, Holly's amended claim arises under title 11 in a case under title 11; (c) that Holly's amended claim is untimely; and (d) that the amount of her claim is res judicata by virtue of the confirmation order.

Argument on both contested matters was held on July 10, 2014. At that time, the parties agreed that this court may determine all issues on the papers without an evidentiary hearing. I am prepared to do that on the abstention and res judicata questions but determination of the remaining issues affecting the allowance of Holly's claim will require a better record. These issues are whether the increase in Holly's claim is attributable to a domestic support obligation as that term is defined in § 101(14A) and, if so, whether it may be allowed as a claim against property of the estate despite the late filing.

Mandatory abstention does not apply here because the allowance of Holly's claim as a domestic support obligation as that term is defined under 11 U.S.C. § 101(14A) is a question

arising under title 11 in a case under title 11.  See 28 U.S.C. §1334(c)(2).  Moreover, I see no compelling reason to apply discretionary abstention "in interest of justice or in the interest of comity with State courts or respect for State law . . . ."  See  28 U.S.C. §1334(c)(1).  Thus, the amount and priority of Holly's amended claim will be determined in this court.

Res judicata does not apply.  In this district, the determination of claims is reserved until after confirmation.  See D. Me. LBR 3015-3(d)(2) and (3).  This is apparent from the Debtors' motion to allow claims, which, with respect to Holly's claim, expressly states: "The confirmed plan is modified, *pro tanto*, to pay the amount set forth for each priority creditor."  While it is true that the amount listed in that motion is the same $11,618, as stated in the confirmed plan, the notice of that motion invites an objection.  Holly's objection refers to the increase in her amended claim.

An evidentiary hearing on the remaining issues shall commence at 1:00 p.m. on August 21, 2014  in Bangor.  A final pretrial will be held at 10:00 a.m. on that day.  The hearing will be limited to two hours.  If commenced within 7 days of this order, the return date for discovery will be 14 days.

SO ORDERED.

DATED: July 14, 2014

_____
Louis H. Kornreich, Chief Judge
United States Bankruptcy Court

3